ANTONIO L. THOMAS,

    Plaintiff,

    v.

CO II TURAY, *et al.*,

    Defendants.

Civil Action No.:  PX-24-1307

## ORDER

Plaintiff Antonio L. Thomas, an inmate at Jessup Correctional Institution, filed this civil Complaint pursuant to 42 U.S.C. § 1983 along with a Motion to Proceed in Forma Pauperis.  ECF Nos. 1, 2.  28 U.S.C. § 1915A requires this Court to screen pro se prisoner complaints for sufficiency.  The Court gives the Complaint a liberal reading, construing all facts as true and most favorably to Thomas.  *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).  On review, the Court finds that the claims fail as a matter of law.  Thomas will be given an opportunity to amend the Complaint as more fully explained below.

The Complaint brings a failure to protect claim, in violation of Thomas' Eighth Amendment Right to be free from cruel and unusual punishment.  The Eighth Amendment protects an inmate from cruel and unusual punishment, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)), including "violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833.  Where the inmate has suffered an objectively serious deprivation of rights, and the official allegedly responsible for the deprivation has acted with "deliberate indifference" to inmate health or safety, an Eighth Amendment claim shall lie.  *Id.* at 826, 834.  In this context, an officer whose acts or omissions knowingly place the prisoner at risk

of significant physical or emotional injuries can amount to an Eighth Amendment violation. *See Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014). This determination includes assessing "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

The Complaint alleges that in October 2023, Thomas informed Defendant "CO II Turay" that his cellmate was threatening him. ECF No. 1 at 2. A search of the cellmate revealed a knife, so the cellmate was removed, but was not added to Thomas' "enemies list" as requested. *Id.* The Complaint also asserts that Thomas "was later stabbed because of CO II Turay's negligence." *Id.* The Complaint does not include any further detail as to when the stabbing occurred or under what circumstances. The Complaint also names four additional Defendants, but again, nothing in the Complaint shows how any of those Defendants were involved in the events giving rise to the Eighth Amendment claim. *Id.* at 1, 3. Because the Complaint does not include sufficient facts to make plausible how each Defendant's acts or omissions led to Thomas' injuries, or that the Defendants acted with deliberate indifference to Thomas' health or safety, the claim fails as a matter of law.

The Court recognizes that Thomas proceeds pro se, and so he will be allowed to amend the Complaint. He is reminded that an amended complaint will replace the current Complaint. *See Young,* 238 F.3d at 572 (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Accordingly, Thomas must include all allegations against each of the named Defendants so that the amended complaint stands alone as the sole complaint in this case. Last, Thomas is warned that failure to file an amended complaint

consistent with this Order may result in the dismissal of the case with prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). If Thomas, while incarcerated, has three such actions or appeals dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1), his right to file a complaint in federal court without first paying the filing fee ($405) will be greatly curtailed. *See* 28 U.S.C. § 1915(g).

Accordingly, it is this 29th day of May, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Thomas IS GRANTED twenty-eight (28) days from the date of this Order to file an amended complaint as directed above;

2. The Clerk SHALL SEND to Thomas a copy of this Order, a copy of the original complaint, and a blank civil rights complaint form with included instructions; and

3. Thomas is FOREWARNED that:

   a. The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and

   b. If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this order without further notice.


/S/
_____
Paula Xinis
United States District Judge